HORACE L. CILLEY & others *vs.* THOMAS W. FENTON & wife.

Suffolk. January 21. — February 9, 1881. COLT, J., absent.

A. sold land, subject to a mortgage, to B., who assumed and agreed to pay the mortgage. Subsequently, at an attempted sale of the land by the mortgagee, A. bid a certain sum, at which it was struck off to him, but he failed to complete the purchase. He afterwards brought an action against B. for the amount of the mortgage debt, and obtained a verdict for the difference between that amount and the amount bid by him at the sale, but no judgment was entered thereon; and the land was afterwards sold and conveyed, under the mortgage, to C. for a certain sum. *Held*, that B. was not entitled, on a bill in equity against A., to have the amount paid by C. credited on the verdict.

BILL IN EQUITY, filed March 24, 1880, to restrain the defendants from obtaining or enforcing judgment upon a verdict in their favor in an action at law against the plaintiffs. Hearing before *Endicott*, J., who reported the case for the consideration of the full court, in substance as follows:

The plaintiffs and one Lord purchased of the defendants the equity of redemption of certain real estate in Boston, subject to a mortgage for $16,400, held by one Torrey; and, in the deed to them, they assumed and agreed to pay the mortgage debt. Subsequently, and before anything was paid on the mortgage, Mrs. Fenton, the mortgagor and signer of the mortgage note, brought an action in the Superior Court of this county against the plaintiffs and Lord, to recover the amount of the mortgage debt, upon their implied promise in the deed. They denied generally their liability; and also set up in defence, that, at an

attempted sale of the mortgaged property by the mortgagee, under the power in the mortgage, Mrs. Fenton had bid off the estate and had agreed to buy it, at $11,796, and paid $375 on account of the purchase, but had afterwards failed to complete the purchase; and they contended that by these acts of Fenton they were relieved of all further liability. The court, without a jury, found for Fenton for $5775.80, being the difference between the mortgage debt and the amount bid by Fenton; and a verdict for that sum was rendered against Lord and these plaintiffs, but no judgment has ever been entered upon it. [See *Fenton* v. *Lord*, 128 Mass. 466.] Subsequently to this verdict, the mortgagee, while the plaintiffs were still the owners of the equity and were in possession, sold and conveyed the real estate, under the power in the mortgage, to one Gormely, for $10,000, which sum was paid to the mortgagee by Gormely. The plaintiffs seek to have this sum, or so much as is necessary, credited to them against said verdict.

Such decree was to be entered as to the court might seem just.

*J. P. Treadwell*, for the plaintiffs.

*S. J. Thomas*, for the defendants.

SOULE, J. No question is made in this case as to the liability of the plaintiffs in the action at law in which the verdict was rendered against them. The only ground on which they seek to maintain their bill is that, since that verdict was rendered, the mortgaged premises have been sold for the sum of $10,000, and that they are entitled to have that sum, or so much of it as is necessary, credited to them against that verdict, and to have Fenton restrained from entering or enforcing judgment thereon.

The general principle is, as the plaintiffs contend, that the holder of collateral security with power to convert it into money is bound to apply the proceeds of any sale thereof to the debt which it secures. But in view of the facts of the case, this principle does not aid the plaintiffs. They insisted, at the trial of the action at law, that the sale under the power, at which Mrs. Fenton was the highest bidder, should be treated as an actual and effective sale, though the sum bid was not paid, and no deed was ever made, and no foreclosure of the mortgage was

accomplished. Accordingly, the amount of the highest bid at that sale was deducted from the amount of the note sued on, and a verdict rendered for the balance only, on the ground that the attempted sale, though not followed by a conveyance of the land, fixed the value of the mortgaged property, and so fixed the amount which these plaintiffs, the defendants in the action at law, had paid on the note by the conversion of their mortgaged land into money. To maintain this bill would be to give to the plaintiffs a second time the value, or a part of the value, of the land for which they were paid by crediting upon the note in the action at law the amount at which it was struck off at the attempted sale. It is perfectly clear that they are not entitled to this. Having once received the benefit of the value of the land in part payment of the debt which they had assumed, they have no interest, legal or equitable, in the proceeds of the subsequent sale. The result is that the bill must be

*Dismissed, with costs.*